02-10-036-CR; 02-10-037-CR; 02-10-038-CR














 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00036-CR

NO. 02-10-00037-CR

NO. 02-10-00038-CR

 

 


 
 
 Demond Johnson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

------------

 

FROM THE 367th District Court
OF Denton COUNTY

------------

MEMORANDUM
OPINION[1]

------------

          Appellant Demond Johnson
waived his right to a jury and entered open pleas of guilt to three charges of
burglary of a habitation.[2]
 Johnson appeals his convictions and concurrently
running sentences of ten years’ confinement. 
We will affirm.

          Johnson’s court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of
that motion.  In the brief, counsel avers
that, in his professional opinion, the appeal is frivolous.  Counsel’s brief and motion meet the
requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief.  386 U.S. 738,
87 S. Ct. 1396 (1967).  Johnson
declined to file a pro se brief.  By
letter, the State declined to submit a brief in response to the Anders brief.

          Once an appellant’s court-appointed
attorney files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922–23 (Tex.
App.—Fort Worth 1995, no pet.).  Only
then may we grant counsel’s motion to withdraw. 
See Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351
(1988).

          We have carefully reviewed the record
and counsel’s brief.  We agree with
counsel that this appeal is wholly frivolous and without merit; we find nothing
in the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827–28 (Tex. Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel’s motion to
withdraw and affirm the trial court’s judgment.

 

 

BILL MEIER

JUSTICE

 

PANEL:  DAUPHINOT,
GARDNER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

                                                              

DELIVERED:  December 2, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. § 30.02
(Vernon 2003).